UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA MCATEE | CIVIL ACTION |
| VERSUS | NO: 23-2376 |
| NEW ORLEANS ARCHDIOCESAN CEMETERIES | SECTION: "A" (1) |

## **ORDER AND REASONS**

The following motion is before the Court: **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 4)** filed by the defendant, New Orleans Archdiocesan Cemeteries. The plaintiff, Angela McAtee, opposes the motion. The motion, submitted for consideration on September 13, 2023, is before the Court on the briefs without oral argument.

The plaintiff, Angela McAtee, was employed by the defendant, New Orleans Archdiocesan Cemeteries ("NOAC"), as an administrative assistant from February 11, 2019 until her termination on November 22, 2021. (Rec. Doc. 1-1, First Supplemental and Amending Petition ¶¶ 1 & 6). McAtee alleges that she was terminated in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, as well as the Louisiana Employment Discrimination Law, La. R.S. § 23:301, *et seq.* McAtee's claimed disability is a severe allergy to the Alternaria fungus, which causes her to experience asthmatic attacks, decrease in lung function, and other severe and debilitating symptoms. (First Supplemental and Amending Petition ¶ 1).

According to McAtee, her alleged disability became an issue following Hurricane

Ida, which damaged NOAC's main building leading to the growth of mold, mildew, and fungus. (*Id.* ¶ 3). As the Court understands McAtee's allegations, as an accommodation for her disability, McAtee requested that she be allowed to work from home but that request was denied and she was ultimately terminated.[1]

McAtee filed this lawsuit in state court and initially relied solely on state law. McAtee later amended her petition to include a parallel claim under the ADA, which provided grounds for NOAC to remove the case to federal court. Although NOAC relied on the presence of the ADA claim in the lawsuit to remove the case to federal court, NOAC asserts that the ADA is time-barred and should be dismissed on the pleadings on that basis alone. As for the state law discrimination claim, NOAC argues that state law expressly excludes such a suit against a non-profit organization like NOAC.[2]  Thus,

---

[1] Although McAtee mentioned working from two satellite offices following Hurricane Ida, she also mentioned that those offices had similar problems with water inundation and mold/mildew. (First Supplemental and Amending Petition ¶ 15). Thus, the Court does not interpret the petition as suggesting that McAtee actually requested the accommodation of working from either satellite office or that a reasonable accommodation for her alleged disability would have been to allow her to work from one of NOAC's satellite offices. McAtee also mentions the use of an air purifier at the main office but McAtee experienced breathing problems even with the air purifier thereby eliminating that option as a reasonable accommodation for her. (*Id.* ¶ 10).

Importantly, an implicit requirement of the plaintiff's prima facie case for a failure to accommodate claim is that she demonstrate that she actually requested the accommodation that she claims to have been denied. So the plaintiff must demonstrate not only that the accommodation at issue is reasonable but also that she actually requested it. *Clark v. Champion Nat'l Security, Inc.*, 952 F. 3d 570, 587 (5th Cir. 2020) (citing *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007)). After all, if the employee fails to request an accommodation the employer cannot be held liable for failing to provide it. *Id.* at 587 n.71 (citing *Taylor*, 93 F.3d at 165).

The specific accommodation that is clearly alleged to have been requested by McAtee and denied by NOAC was permission to work from home.

[2] The Court need not dwell on the merits of NOAC's argument regarding the failure of the

NOAC asks the Court to dismiss all of McAtee's claims with prejudice.

NOAC's contention that the ADA claim is time-barred is based on the fact that the EEOC issued a right to sue letter on March 16, 2023, which under federal law gave McAtee 90 days, or until **June 14, 2023**, to file suit on the ADA claim. McAtee's original petition did not include any federal claims, and it was not until **June 20, 2023**, that she moved to amend her petition to include the federal ADA claim. Removal followed shortly thereafter. NOAC argues that McAtee should not be allowed to benefit from the relation-back doctrine and that her entire case should be tossed out.

McAtee's original state law claim and her later-added federal ADA claim are based on the same factual allegations. Both claims are asserted against NOAC, who was the sole defendant named in both the original and amended petition. NOAC remained a party to the original lawsuit when the amended petition was filed.[3] Whether viewing the relation-back analysis under state law, La. Code Civ. Pro. art. 1153, or federal law, Fed. Rule Civ. Pro. 15(c), McAtee's ADA claim relates back to the date that

---

state law claim because McAtee for the most part concedes the point in her opposition. Section 23:302(2)(b) exempts from the Louisiana Employment Discrimination Law "[e]mployment of an individual by a private educational or religious institution or any nonprofit corporation . . . ." NOAC is a non-profit organization. Therefore, the motion to dismiss will be granted as to the state law claim.

[3] The *Quinn v. Guerrero*, 863 F.3d 353 (5th Cir. 2017) decision, which NOAC has discussed at length, is distinguishable for two significant reasons. First, the case at issue originated in the courts of Texas. Second, the defendants at issue had previously been dismissed from the lawsuit with prejudice, after which the plaintiff had allowed the new federal claim to become time-barred. NOAC is not similarly situated to the moving defendants in the *Quinn* case.

the original petition was filed thereby rendering it timely.[4]  NOAC's contention that McAtee sat on her rights or that she engaged in pleading gamesmanship that should not be rewarded are simply not persuasive.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 4)** filed by the defendant, New Orleans Archdiocesan Cemeteries, is **GRANTED IN PART AND DENIED IN PART** as explained above. The motion is **GRANTED** as to the state law claim and **DENIED** as to the federal ADA claim.

September 15, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[4] The amended pleading was filed in state court prior to removal. Louisiana Code of Civil Procedure article 1153, entitled Amendment Relates Back, states as follows: "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." The article does not limit its application solely to unprescribed claims. *See Aforigho v. Tape Prod. Co.*, 334 F.R.D. 86, 90 (S.D. Tex. 2020) (discussing Texas's relation-back statute which does carve out exceptions for time-barred claims).